UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT - 4 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:23CR526 SEP/SPM |
| CARL VON GARRETT, | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1. The defendant is charged with felony offenses, and he has previously been convicted of two or more drug offenses. *See* 18 U.S.C. § 3142(f)(1)(C).

### The Nature and Circumstances of the Offense

2. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. The specified unlawful activity generating the funds at issue in the

1

conspiracy to commit money laundering and money laundering, is the distribution of controlled substances, therefore, the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

3. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. Law enforcement officers observed the defendant transporting co-defendants who traveled to various locations to deliver large quantities of cash on behalf of a Mexican money laundering organization.

### The History and Characteristics of the Defendant

4. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

5. While the defendant appears to have significant community ties, the defendant's past conduct weighs against release to ensure the safety of the community.

6. The defendant has at least two prior convictions for distribution of a controlled substance and continued this behavior after being released from federal prison.

7. The defendant has a history of failing to comply with court ordered conditions of release.

### The Nature and Seriousness of the Danger to the Community

8. The nature and seriousness of the danger to the community is great. The defendant was responsible for laundering hundreds of thousands of dollars in drug proceeds. The amount of

narcotics sold to generate that substantial quantity of cash placed the community in a serious amount of danger.

9. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

10. There is a serious risk that the defendant will flee. The defendant clearly has the financial ability to flee. In addition to laundering money back to Mexico, the defendant has used drug money to purchase property and to funnel cash through a night club. Also, he is facing a significant sentence in this case.

### Conclusion

11. The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

Respectfully submitted,
SAYLER A. FLEMING
United States Attorney

*/s/ Jeannette S. Graviss*
JEANNETTE S. GRAVISS, #44483(MO)
Assistant United States Attorney